PER CURIAM.
11 Granted. The ruling of the trial court on the defendant’s motion to suppress, and the court of appeal’s decision affirming that order, are reversed, and this case is remanded to the district court for further proceedings.
Although the right of privacy guaranteed by La. Const. art. I, § 5 generally “extends to an individual’s liberty to make medical treatment choices,” Hondroulis v. Schuhmacher, 553 So.2d 398, 415 (La.1988), and may do so even when the person is confined in jail, see State v. Perry, 610 So.2d 746, 755 (La.1992)(state’s medicate-to-execute scheme served no compelling state interest and thereby violated defendant’s privacy right as a matter of art. I, § 5, although he had been convicted of first degree murder and sentenced to death), the medical examination of defendant performed in a hospital following a vehicular accident which triggered the car’s air bags furthered a substantial governmental interest in protecting the health and safety of persons within its custody and control and defendant’s status as an arrestee undergoing routine booking procedures before Centering jail diminished the privacy interests in his body he otherwise possessed. See Bell v. Wolfish, 441 U.S. 520, *640 537, 99 S.Ct. 1861, 1873, 60 L.Ed.2d 447 (1979)(loss of freedom of choice and privacy are inherent incidents of confinement). In addition, the decision to subject defendant to a battery of medical tests, one in which defendant ultimately acquiesced, was not made by the police in an attempt to secure evidence of a crime, but by the treating physician who determined that defendant appeared too intoxicated to make a valid waiver of an examination conducted in his best medical interests. To the extent that the decision was made primarily for medical as opposed to investigative or punitive purposes, the tests did not constitute an unreasonable search under the Fourth Amendment or La. Const. art. I, § 5, although they encompassed extensive blood work which included tests for blood volatiles, e.g., ethanol. See United States v. Attson, 900 F.2d 1427, 1430-33 (9th Cir.1990); Turner v. State, 258 Ark. 425, 527 S.W.2d 580, 587-88 (1975); State v. Fisher, 628 So.2d 1136, 1140-41 (La.App. 1st Cir.1993); see also 3 Wayne R. LaFave, Search and Seizure, § 5.4(c), p. 165 (3rd ed. 1996) (“[EJvidenee of crime is sometimes inadvertently come by when a person is searched for some purpose not directly tied to the objective of detecting criminal activity.... If a reasonable and good faith search is made of a person for such a purpose [which may include aiding individuals who are in danger of physical harm], then the better view is that evidence of crime discovered thereby is admissible in court.”)(footnotes omitted). Given their medical purposes, the tests did not implicate the defendant’s statutory right to withhold consent as a matter of La. R.S. 32:666(A)(2); nor, in the present context, did they implicate the physician-patient privilege. See State v. Berry, 324 So.2d 822, 828 (La.1975)(in-custody physical examination of accused by state physician for limited |3purpose of making objective findings as to his physical condition is not protected by the doctor-patient privilege); La.C.E. art. 510(C)(2)(d)(ex-cepting from health care provider-patient privilege “a record of the results of a test for blood alcohol level or drugs taken from a patient who is under arrest, or who was subsequently arrested for an offense related to the test.”). The trial court therefore erred in granting the defendant’s motion to suppress his statements made during the examination and the results from the testing done in the course of the in-custody physical examination.